UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOTHAR R. EISSEL, IV,<br><br>    Plaintiff,<br><br>    v.<br><br>WENDY, *et al.*,<br><br>    Defendants. | Case No.  2:24-cv-01422-KJM-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SCREENING HIS COMPLAINT, AND GRANTING LEAVE TO AMEND<br><br>ECF Nos. 1 & 2 |

Plaintiff brings this action, alleging that defendant Wendy, a state law clerk, and defendant Mayberry, a state judge, have mishandled a state probate matter in which he is involved. ECF No. 1 at 7. These allegations do not give rise to a federal question, and both defendants appear to be entitled to judicial immunity. Rather than recommending that this action be dismissed, I will grant plaintiff leave to amend to explain why this action should not proceed in its current form. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's claims concern defendants' handling of a state probate matter. Thus, despite his contention that this case presents a federal question, there does not appear to be any basis for this court's jurisdiction. Additionally, the two defendants, a law clerk and a state judge, appear to be entitled to judicial immunity. *See Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (noting that "[a] judge is generally immune from a civil action for damages" and holding that this same immunity extends to law clerks). Finally, the complaint, the substance of which is contained in a printed email attached to the complaint form, is non-compliant with Rule 8 insofar as its allegations are vague and fail to put either defendant on notice of the specific claims against

2

them.

Plaintiff may amend his complaint within thirty days of this order's entry. He is advised that an amended complaint will supersede his current one and all claims and relevant exhibits must be contained in the new complaint without reference to its predecessor. If plaintiff fails to file an amended complaint within the deadline, I will recommend this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

IT IS SO ORDERED.

Dated:   August 27, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE