UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOTHAR R. EISSEL, IV, | Case No. 2:24-cv-1422-KJM-JDP (PS) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| v. | THAT THIS ACTION BE DISMISSED FOR FAILURE TO ESTABLISH FEDERAL JURISDICTION |
| WENDY, *et al.*, | |
| Defendants. | ECF No. 5 |
| | OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff brings this action *pro se*, alleging that defendants—a state judge and law clerk—mishandled probate proceedings. ECF No. 5 at 1.[1] I found that the initial complaint failed to put forth any basis for federal jurisdiction. ECF No. 3. I offered plaintiff a chance to amend, *id.*, and, like its predecessor, the amended complaint fails to establish federal jurisdiction. Accordingly, I recommend that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

---

[1] The amended complaint is titled "Notice re Third Probate Hearing" on the docket. ECF No. 5. The first page, however, explicitly indicates that plaintiff intends it to be his amended complaint. *Id.* at 1.

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that state probate proceedings overseen by defendants have been unfair. ECF No. 5 at 1. He claims that he has not been apprised by the administrator of the value of assets sold or how the administrator was selected. *Id.* Plaintiff alleges that after raising these issues before the judge (presumably defendant Mayberry), he was told to file a letter of objection within five days. *Id.* He sent the letter and was subsequently informed that his objections were not properly filed and would not be considered. *Id.* As I informed plaintiff in my previous screening order, these allegations concerning state probate proceedings do not give rise to any

1  federal question.  Federal question jurisdiction exists where a case "aris[es] under the
2  Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Neither is there any
3  contention that the parties are diverse.  And, even if the parties were, plaintiff has not addressed
4  my finding that Judge Mayberry and Wendy, the law clerk, would be entitled to judicial immunity
5  from a civil action for damages.  *See Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996).
6  Given that plaintiff appears no closer to establishing federal jurisdiction, I now recommend that
7  this action be dismissed for lack of subject matter jurisdiction.
8      Accordingly, it is RECOMMENDED that the amended complaint, ECF No. 5, be
9  DISMISSED without leave to amend for want of federal jurisdiction and this action be closed.
10     These findings and recommendations are submitted to the United States District Judge
11 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
12 service of these findings and recommendations, any party may file written objections with the
13 court and serve a copy on all parties.  Any such document should be captioned "Objections to
14 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
15 within fourteen days of service of the objections.  The parties are advised that failure to file
16 objections within the specified time may waive the right to appeal the District Court's order.  *See*
17 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
18 1991).

IT IS SO ORDERED.

Dated:     October 29, 2024                                  _____
                                                             JEREMY D. PETERSON
                                                             UNITED STATES MAGISTRATE JUDGE